M'DERMUT and VAN HOOK, acting executors of JUDAH, deceased, and others *vs.* LORILLARD.

The Revised Statutes (2 R. S. 109 sec. 56; 104, sec. 25,) requiring six weeks advertising, &c. upon a sale of real estate by an executor for payment of debts and legacies, in pursuance of the authority given by a will, applies only when the will is silent as to the manner of sale.

Where executors had power to sell, in order to meet legacies, " *at such time* " *and in such manner as to them should seem most advantageous,*" and they sold upon an advertisement of three weeks: *Held,* to be a valid sale.

In construing a statute, the intention of the law-giver, when once ascertained, is to prevail over the literal sense of the words which are used. Such intention is to be gathered from a consideration of all parts of the statute taken together. This may be presumed according to the necessity of the matter and of that which is consonant to reason and good discretion.

THIS cause came up on bill and answer. The only question for the court to decide was, whether, since the Revised Statutes, executors of real estate, having discretionary power to dispose of it by the will, could make a valid sale by auction short of a six weeks advertisement.

February 6,
1832.

*Validity of
sale by execu-
tors.
Construction
of statute.*

Moses Judah, the testator, made his will in the month of April, one thousand eight hundred and thirty-one. He disposed of all his property in pecuniary legacies, and thereby rendered it necessary to convert his real estate into money. To meet this intention, the will contained the following clause : "I direct " and order that my executors hereinafter named or the sur- " vivors and survivor of them, shall, at such time and in such " manner as to them shall seem most advantageous to my estate, " sell and dispose of all or any part of my real estate where- " soever situate; and to make and execute to the purchaser or " purchasers thereof good and sufficient deed and deeds for

1832.

M'DERMUT
v.
LORILLARD.

"the same; hereby giving them every power and authority "needful and necessary for them to have for that purpose."

Two of the executors, namely, the complainants Robert M'Dermut and William Van Hook, proved the will. The remaining executor declined or refused to act. The acting executors, deeming it a favorable time for the sale of the real estate situated in the city of New York, caused it to be put up by auction on the ninth day of January one thousand eight hundred and thirty-two, after about three weeks notice or advertisement of the sale inserted in five of the public newspapers. The property was struck off at such sale to the defendant as the highest bidder, who paid ten per cent. of the purchase money according to the terms of the sale, and took from the auctioneer a receipt for the amount coupled with a stipulation that the complainants were to give a satisfactory title. The complainants afterwards tendered a deed and demanded the balance of the purchase money. The defendant was advised a six weeks advertisement of sale was required by the Revised Statutes; and having discovered the property had not been advertised for such a period, nor otherwise in the manner prescribed by law, he became apprehensive of an irregularity in the sale, and refused to complete the purchase. The bill was filed for a specific performance.

Mr. *John L. Graham*, for the complainants.

Mr. *Richard L. Schieffelin*, for the purchaser.

*February* 13.     THE VICE-CHANCELLOR. The Revised Statutes declare that sales of real estate by any executor, made for the payment of debts and legacies, in pursuance of an authority given by any last will, shall be made after like notice and be conducted in the same manner as is prescribed in relation to sales by order of any Surrogate: 2 *R. S.* 109, sec. 56. Sales by order of Surrogates, are judicial sales; and in such cases, generally, the legislature has very wisely directed the manner in which they shall be advertised and conducted. The object is to secure an uniformity of practice; and, at the same time, prevent any ad-

vantage from being taken by those who are entrusted to carry them into effect. In such cases, six weeks notice of the time and place of sale are to be given. This notice is to contain an appropriate description of the property and a statement of improvements (if any,) and is to be posted in three public places, and published in a newspaper of the county: *Ib.* 104, sec. 25.

These regulations have been overlooked or supposed not to apply to a sale under circumstances like the present. The sale here made was to enable the executors to pay debts and legacies. The whole estate is to be applied to those purposes; and so far, it is clearly within the letter of section 56. But from what follows there is room for a criticism; which, in my opinion, involves the law in an absurdity or prevents the application of the 56th section to a case like the present. It speaks of sales " in pursuance of an authority given by any last will," and the 25th and 26th sections require that they should be made after " six weeks" notice and at " public vendue."

Now, suppose the power as given in the will, and which is the authority to be pursued, does not admit of a sale upon such a notice and in this manner: how is the law to be complied with? Again, suppose a will should authorize executors to sell only upon an advertisement of three weeks or upon a notice not to be published in a newspaper, or, as in this instance, " at such time and in such manner as to them shall seem most " advantageous," and they should accordingly consider it most desirable, in conformity with the general practice in the city of New York, to sell upon a notice inserted in the newspapers only and not exceeding three weeks: or, take a still stronger case: suppose a will should authorize the executors to sell at private sale and not by auction; now, in none of these cases can the sale be made according to the directions of the statute, and, at the same time, conformably to or in pursuance of the authority given by the will. Hence, it is obvious, a strict adherence to the letter of the statute will prevent the sale of real estate in many instances under powers contained in wills; and, if rigidly enforced, such powers in many cases will become a dead letter or be rendered entirely nugatory.

1832.

M'DERMUT
*v.*
LORILLARD.

I am satisfied this consequence could not have been intended by the legislature. It is true that powers, as they existed at common law, are abolished; and the creation, construction and execution of present powers are now subjects of statutory regulation. But the right to create a power by last will and testament is expressly declared. The statute, after providing that any unnecessary formalities in the execution of them or mere nominal conditions annexed, which evince no intention of actual benefit to the party to whom or in whose favor they are to be performed, may be overlooked and disregarded, directs that the intentions of the grantor of a power, as to the mode, time and conditions of its execution, shall be observed, subject to the right of this court to supply a defective execution in certain enumerated cases: 1 *R. S.* 736, 737.

It is certain, therefore, that in no part of the Revised Statutes (and they are to be taken and construed as if every portion was made at the same moment of time) is it meant to render nugatory any power properly granted or to defeat the intentions of the grantor in any essential particular. Indeed, the section under consideration evidently presupposes and admits, that all powers to executors for the sale of real estate may be executed by them and are to be performed in pursuance of the authority given. If it had been intended that no testator should confer a power of sale upon his executors, except such as should be carried into effect by a particular course of proceeding prescribed by law, the legislature would have declared it in terms; but this they have not done. No such restriction has been imposed; and powers must be executed in the manner pointed out in the will where it is explicit on the subject.

What then is to become of the statute? Is it to remain a dead letter? A construction, in my opinion, can be given to it which will leave it effectual for all the useful purposes for which it was designed: and that is, to regulate sales where no directions to the contrary, nor discretionary instructions are given by the will. In this point of view the section is made to read thus: sales of real estate by executors in pursuance of the authority given by any will shall be made, *when not otherwise directed, required or indicated by the authority itself,* upon

like notice, &c. as before prescribed. I think this is the true reading and the one which ought to be adopted.

The rules in regard to the exposition and construction of statutes fully justify me. The intention of the lawgiver, when once ascertained, is to prevail over the literal sense of the words which are used. Such intention is to be gathered from a consideration of all parts of the statute taken and compared together; and it may be presumed according to the necessity of the matter and from that which is consonant to reason and good discretion: 1 *Plowd.* 205; 1 *Kent's Com.* 432.

From these considerations it is manifest, that the introduction of this new provision into the Revised Statutes could not have been intended to interfere with the acknowledged right of a testator to grant a power which was to be executed according to his directions by his executors. It can only apply and govern in the sale of property, where it is to be made for the purpose of paying debts and legacies and when the will is silent as to the manner of sale and does not require (as in the present case) the executors to be governed by their own judgment and discretion as to the time and place of sale.

My opinion, therefore, is, that the executors having sold at such time and in such manner as they deemed most advantageous, for so I must take the fact to be, the sale is to be considered a regular and valid one, made in pursuance of the authority in the will and sufficient to vest in the defendant so far a good title.

If no other objections exist, I shall at once decree a specific performance.